**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION -- FLINT**

In re Marcel Rachel Chandler

Debtor.

Case No. 24-31641-jda
Chapter 13
Hon. Joel D. Applebaum

______________________________/

**OPINION AND ORDER DENYING DEBTOR'S MOTION TO REINSTATE CASE**

This matter is before the Court on Debtor's Motion to Reinstate her Chapter 13 Case. (Dkt. 62). Debtor's chapter 13 petition was filed on September 3, 2025, and a plan was confirmed January 10, 2025. The Trustee's records show Debtor missed three plan payments: the December, 2025 payment (one missed payment after which three timely payments were made), and then the April and May, 2026 payments (after which timely payments resumed in June, 2026).

On July 28, 2026, the Trustee filed a Motion to Dismiss the case based on Debtor's payment history. (Dkt. 58). The Motion states that the Trustee sought concurrence from Debtor's Counsel before filing the Motion, but Debtor's Counsel never replied. On August 17, 2026, the Motion was granted on a Certificate of Non-Response and the case was dismissed. (Dkt. 60).

On August 24, 2026, Debtor filed the present Motion to Reinstate Case. (Dkt. 62). The Motion states only that Debtor missed two payments, promptly resumed

timely payments, and that "despite her nominal delinquency, [Debtor's] Plan is still scheduled to complete on time and yield 100% dividend to her unsecured creditors." The Motion makes no other arguments and does not cite any legal authority for reinstatement.

On August 25, 2026, the Trustee filed an Objection to the Motion. (Dkt. 64). The Trustee correctly noted that the applicable standard for reinstatement is our local rule E.D. Mich. LBR 9024-1(d)(1), which states that a motion for relief from an order due to mistake, inadvertence or excusable neglect is Fed. R. Civ. 60(b). According to the Trustee, Debtor's Motion failed to address the requirements of Rule 60(b). The Motion provided no explanation as to why Debtor missed three plan payments, nor did it explain why Debtor's attorney did not respond to either the Trustee's email seeking concurrence or the Trustee's Motion to Dismiss.

On August 29, 2026, Debtor filed a Reply to the Trustee's Objection. (Dkt. 67). The Reply explained that the missed payments were the result of "logistical hardships encountered by Debtor's family members who actively assist her in managing plan compliance." Specifically,

> Around December 2025, the family was forced to travel multiple times to Mississippi to assist the Debtor's sister with an urgent relocation to Flint due to a lack of local medical and personal care. Due to compounding caregiving obligations and internal miscommunications within the household regarding the requirements of the Debtor's

> confirmed plan, Plan payments were missed prompting the Trustee to file her Motion to Dismiss.

Reply, ¶¶ 4(B) and (C). With respect to Counsel's failure to timely respond to either the Trustee's email or Motion, the Reply states that,

> Debtor's Counsel had received the Trustee's concurrence request for dismissal and was awaiting the actual filing of the Trustee's Motion to which Counsel was prepared to respond; however, Counsel did not notice the filed motion to dismiss and no response was filed. As a result, this Court dismissed Debtor's case.

(Reply ¶ 4(C). The Reply then addressed the factors this Court must consider in deciding a motion for relief under Rule 60(b):

> Debtor filed her original motion mere days after the dismissal of her plan. Reinstatement presents zero prejudice to the estate or the standing creditors. As noted in Debtor's initial motion, Debtor recently resumed her plan payments, and her payment history remains high. Furthermore, she understands that another payment will come due on September 3, 2026. The confirmed plan remains mathematically sound; the plan is still completing on time while yielding a dividend of 100 to all duly filed and allowed general unsecured creditors. Debtor is and will be acting in absolute good faith; she understands and will make amends in the fashion and timing of her plan payments.

Reply ¶ 5(A), 6).

Fed. R. Civ. P. 60(b)(1) provides for relief upon a showing of "mistake, inadvertence, surprise, or excusable neglect." "The inquiry into whether the neglect is excusable 'is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" *Norpak Corp. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.*), 131 F.3d 1185, 1188 (6th Cir.

1997) (*quoting Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993)). "Following *Pioneer,* the Sixth Circuit continues to hold excusable neglect to 'a strict standard which is met only in extraordinary cases.'" *Community Fin. Serv. Bank v. Edwards (In re Edwards*), No. 17-8028, 2018 WL 2717237, at *6 (B.A.P. 6th Cir. June 5, 2018) (citing *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)).

Among the factors a court should consider include the following:

(1) Danger of prejudice to the other party;

(2) Length of delay and its potential impact on judicial proceedings;

(3) Reason for the delay;

(4) Whether the delay was within the reasonable control of the late party; and

(5) Whether the late party acted in good faith.

*Eagle-Picher*, 131 F.3d at 1188 (relying on *Pioneer Investment*, 507 U.S. at 395).

In addition, a review of the relevant case law shows that "excusable neglect" does not include attorney errors such as a failure to comply with a filing deadline. *See Gold v. Soueidan (In re Soueidan)*, 652 B.R. 837, 843-44 (E.D. Mich. 2023)(calendaring errors do not rise to the level of excusable neglect). *See also, McCurry ex. rel. v. Adventist Health System/Sunbelt Inc*., 298 F.3d 586, 595 (6th Cir. 2002)("an attorney's inaction or strategic error based upon a misreading of applicable law cannot be deemed "excusable" neglect").

In the present case, Debtor's Counsel's actions cannot be construed as excusable neglect such that the Court's dismissal Order should be set aside. In a good faith effort to avoid the filing of a dismissal motion, the Trustee emailed Debtor's Counsel. The email was ignored. Once the Motion to Dismiss was filed, Counsel failed to file a Response and the case was dismissed on a Certificate of No Response. Once the case was dismissed, Counsel weighed in with a Motion to Reinstate, but even in that Motion, Counsel did not cite to or attempt to apply the proper legal standard. Only after the Trustee filed her Response setting forth the applicable legal standard did Debtor's counsel file a substantive Reply.

The Court understands and is sympathetic to the fact that it is onerous for a debtor to live under the strictures of a chapter 13 plan and, moreover, life is complicated. Debtors often have compelling reasons for missing plan payments. The Court would always prefer not to hold debtors accountable for the actions or inactions of their attorney. The Court, however, is not at liberty to ignore the standard set forth in Rule 60(b) and applicable case law. On the record in this case, the Court simply cannot find that Debtor's Counsel's failure to timely respond to the Trustee's Motion to Dismiss was *excusable* neglect. Because there is no basis for setting aside the Order, Debtor's Motion to Reinstate Case is denied.

ORDER

Accordingly, for the above reasons,

IT IS HEREBY ORDERED that Debtor's Motion to Reinstate Case is DENIED.

**Signed on September 14, 2026**

**/s/ Joel D. Applebaum**

**Joel D. Applebaum**
**United States Bankruptcy Judge**